United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-41787
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY EARL ALLISON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-674-ALL
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Terry Earl Allison challenges his conviction and sentence

following a jury trial for possession of pseudoephedrine with

intent to manufacture a controlled substance. 21 U.S.C.

§§ 802(34)(K) and 841(c)(2). He argues that 1) the evidence

supporting his conviction was insufficient; 2) the district court

plainly erred in calculating his criminal history score and

criminal history category and erred in classifying him as a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

career offender; and 3) the condition in his written judgment of his supervised release barring his possession of a dangerous weapon should be stricken because it conflicts with the sentence orally pronounced by the district court.

The evidence introduced at trial was sufficient to support the jury's finding that Allison knowingly and intentionally possessed pseudoephedrine with the intent to manufacture a controlled substance. See United States v. Gutierrez-Farias, 294 F.3d 657, 660 (5th Cir. 2002), cert. denied, 537 U.S. 1114 (2003); 21 U.S.C. § 841(c)(2).

As Allison concedes, his argument challenging the condition of his supervised release that he not possess a dangerous weapon is foreclosed by United States v. Torres-Aquilar, 352 F.3d 934, 935-38 (5th Cir. 2003).

For the first time on appeal, Allison challenges the district court's calculation of his criminal history score and the determination of his criminal history category and also argues, for the first time on appeal, that the district court erroneously classified him as a career offender under U.S.S.G. § 4B1.1. "Under the plain error standard, forfeited errors are subject to review only where the errors are 'obvious,' 'clear,' or 'readily apparent,' and they affect the defendant's substantial rights." United States v. Clayton, 172 F.3d 347, 351 (5th Cir. 1999)(citation omitted); United States v. Reyna,

__F.3d__, 2004 WL 11379 at *5 (5th Cir. Jan. 26, 2004) (No. 01-41164) (en banc).

As the Government concedes, the district court erred to the extent that Allison's 20 criminal history points included nine points for three suspended sentences. See U.S.S.G. § 4A1.2(e)(2). The district court also erred in assigning Allison two criminal history points for an outstanding bench warrant. See U.S.S.G. § 4A1.1(d) and comment. (n.4). Finally, Allison should not have been classified as a career offender for purposes of U.S.S.G. § 4B1.1(a).

Allison's total offense level of 36 and corrected criminal history category of IV results in a corrected imprisonment range under the Sentencing Guidelines of 262 to 327 months' imprisonment. U.S.S.G. Chapter 5, Part A, Sentencing Table. Because the minimum sentence under the corrected guidelines range is higher than the 240-month statutory maximum sentence, Allison is subject to the same 240-month sentence as he originally received. U.S.S.G. § 5G1.1(a); 21 U.S.C. § 841(c)(2). Thus, we AFFIRM Allison's 240-month prison sentence AS MODIFIED to reflect that for sentencing purposes, Allison is not a career offender under U.S.S.G. 4B1.1(a), and his corrected criminal history category is IV.

JUDGMENT OF CONVICTION AFFIRMED; SENTENCE AFFIRMED AS MODIFIED.