United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 23, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40988
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ULISES ALBERTO DE ANDA-DUENEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-169-1
--------------------

Before BARKSDALE, EMILIO M. GARZA and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ulises Alberto De Anda-Duenez ("de Anda") appeals his guilty-plea conviction and sentence for attempting to re-enter the United States after having been deported and after having been convicted of an "aggravated felony," in violation of 8 U.S.C. § 1326(a) and (b). De Anda was sentenced to 77 months in prison, at the bottom of the Sentencing Guidelines imprisonment range determined in his Presentence Report ("PSR"), and to three years of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

For the first time on appeal, de Anda contends that he is entitled to automatic reversal because the district court denied him his right of allocution at sentencing, as required by FED. R. CRIM. P. 32(c)(3)(C).[2] Until recently, we had "consistently held that we must automatically reverse a district court which fails to give the defendant an opportunity for allocution as required by Rule 32." See United States v. Reyna, 358 F.3d 344, 348 (5th Cir. 2004) (citations omitted). Based on the Supreme Court's decision in United States v. Vonn, 535 U.S. 55 (2002), however, the en banc court in Reyna abrogated our long-standing automatic-reversal rule and applied a plain-error standard of review to denial-of-allocution claims raised for the first time on appeal. See id. at 350-53.

Under the three-step plain-error standard set forth in United States v. Olano, 507 U.S. 725 (1993), we first address whether the district court clearly or obviously erred with respect to the right of allocution. See Reyna, 358 F.3d at 350; see Olano, 507 U.S. at 734. In the instant case, the district court clearly erred because it never "address[ed] [de Anda] personally [or] determine[d] whether [he] wishe[d] to make a statement and to present any information in mitigation of sentence." See Rule 32(c)(3)(C); Reyna, 358 F.3d at 350. Under

---

[2] Effective December 1, 2002, this rule was redrafted as FED. R. CRIM. P. 32(i)(4)(A)(ii) in substantially similar form. Because the instant offense and resentencing hearing occurred prior to the effective date of the recodified section, Rule 32(c)(3)(C) is applicable to the instant case.

the Olano standard's second prong, de Anda can show that his "substantial rights" were affected, because we presume that he was prejudiced by the denial of the allocution right as he was sentenced to the maximum possible term of supervised release. See Reyna, 358 F.3d at 350-52.

We exercise our discretion not to correct the district court's error, however, because the error does not "seriously affect[] the fairness, integrity or public reputation of judicial proceedings."  See Reyna, 358 F.3d at 353.  The denial of the right to allocution "is not a fundamental defect that inherently results in a complete miscarriage of justice nor an omission inconsistent with the rudimentary demands of fair procedure." Id. at 352 (quoting Hill v. United States, 368 U.S. 424 (1962)). Here, in responding to de Anda's lawyer, the district court indicated that it was only interested in de Anda's record and de Anda had conceded that his record was accurately reported in the presentence report prepared in his case.  Moreover, de Anda was sentenced to the minimum term of imprisonment in the applicable range under the Guidelines.  Under such circumstances, when there is no objective basis that would move a trial court to grant a lower sentence, the integrity, fairness and public reputation of the judicial proceedings are not affected.  See Reyna 358 F.3d at 356 (Jones J., concurring.  "[D]efendants will have to show some objective basis that would have moved the trial court to grant a lower sentence; otherwise, it can hardly be said that a

miscarriage of justice has occurred."). We thus reject de Anda's challenge to the denial of the opportunity for allocution.

For the first time on appeal, de Anda also maintains that the "aggravated felony" sentencing scheme of 8 U.S.C. § 1326(b) is unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). As de Anda concedes, his argument is foreclosed by circuit precedent. See, e.g., United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), *overruled on other grounds by* Reyna, 358 F.3d 344. He raises the issue only to preserve it for possible further review.

The judgment of the district court is AFFIRMED.