United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 3, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40869
Consolidated with
No. 04-40891
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL GARCIA-COVARRUBIAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-185-ALL
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Miguel Garcia-Covarrubias (Garcia) appeals the sentences
imposed upon his conviction for illegal reentry and the
revocation of his supervised release in a prior illegal reentry
case.  8 U.S.C. § 1326; 18 U.S.C. § 3583(e)(3).  He argues first
that his sentence for violating his supervised release should be
vacated because the district court deprived him of his right to
allocution.  He acknowledges that he was afforded the right of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

allocution on his illegal reentry sentence, which was imposed during the same hearing as his sentence upon revocation of supervised release.

Because Garcia did not raise this issue in the district court, review is for plain error. United States v. Reyna, 358 F.3d 344, 353 (5th Cir.) (en banc), cert. denied, 124 S. Ct. 2390 (2004).

Garcia's 18-month sentence represented the bottom of the guideline range applicable to the revocation of his supervised release. See U.S.S.G. §§ 7B1.4(a), 7B1.1(a)(2). Therefore, prejudice cannot be presumed on that basis alone. See Reyna, 358 F.3d at 353. Furthermore, as defense counsel did not argue that Garcia should be sentenced below the 18-month range, and that issue was not in dispute, the question was not before the district court. Garcia was afforded an opportunity, prior to imposition of the sentence for illegal reentry, to address the only argument made in mitigation of his sentence. He responded with a promise not to return to the United States and an assertion that he had returned here to "work honestly," an allocution that arguably covered both offenses. Finally, the district court did not "reject[] [an] argument[] by the defendant that would have resulted in a lower sentence" as there were no genuinely disputed sentencing issues. See Reyna, 358 F.3d at 353. The record does not support a finding of actual or presumed

prejudice.  Therefore, Garcia cannot show plain error.  See id. at 350-51.

Garcia argues that Almendarez-Torres v. United States, 523 U.S. 224 (1998) has been undercut by later decisions and should be overruled.  This court must follow the precedent set in Almendarez-Torres unless the Supreme Court overrules it.  See United States v. Rivera, 265 F.3d 310, 312 (5th Cir. 2001).  As Garcia recognizes, his argument is foreclosed.

Garcia challenges the validity of his sentence after United States v. Booker, 125 S. Ct. 738 (2005).  Plain error governs this claim because Garcia did not raise it below.  United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed, No. 04-9517 (U.S. Mar. 31, 2005).  The Government concedes that the first two prongs of the plain-error analysis are satisfied because the district court sentenced Garcia under the then-mandatory guidelines scheme.  However, as in Mares, the record in this case does not indicate whether the sentencing judge might have imposed a lesser sentence had the guidelines been advisory.  Thus, Garcia has not carried his burden of demonstrating that the result "would have likely been different" under an advisory scheme.  Id.

AFFIRMED.