United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 12, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40337
c/w 04-40476
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ABEL GARCIA-OCHOA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-779-ALL
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Abel Garcia-Ochoa appeals the revocation of his supervised release and the sentence imposed following his guilty plea to illegal reentry. We affirm.

Even if we assume arguendo that the district court violated FED. R. CRIM. P. 32 in failing to allow Garcia the right of allocution at his revocation hearing, his claim fails because he cannot show plain error. See United States v. Reyna, 358 F.3d 344, 353 (5th Cir.) (en banc), cert. denied, 124 S. Ct. 2390

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2004).  The record reveals that Garcia was sentenced at the bottom of the Guideline range applicable to the revocation of his supervised release, and it does not reveal that there were disputed facts, which, if resolved in Garcia's favor, would have reduced his sentence.  See id.  Garcia therefore cannot show that the alleged error affected his substantial rights.  See id.

Garcia correctly concedes that his constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed, and he raises it only to preserve its further review by the Supreme Court.  See Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998); United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

Finally, Garcia's claim, raised for the first time on appeal, that he is entitled to resentencing because he was sentenced under the mandatory Guideline regime held unconstitutional in United States v. Booker, 125 S. Ct. 738 (2005), does not survive plain error review.  See United States v. Martinez-Lugo, __ F.3d__, No. 04-40478, 2005 WL 1331282, at *2 (5th Cir. June 7, 2005).  The district court sentenced Garcia to the middle of the applicable Guideline range, implicitly rejecting the arguments made in mitigation.  Garcia has therefore not shown that the error affected the outcome of his illegal reentry sentencing, and he has thus not carried his burden of showing that the error affected his substantial rights.  Id.

AFFIRMED.