United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 26, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60013
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN V. KNIGHT, also known as Big Bam,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:99-CR-9-1
--------------------

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Kevin V. Knight appeals the revocation of his supervised release following his 1999 guilty plea to possession with intent to distribute "crack" cocaine base. He argues that the district court abused its discretion in revoking his supervised release because the evidence was insufficient to prove that he possessed the cocaine found in a truck he had access to but did not own. He further contends that he could not personally notify his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

probation officer of his arrest because the probation office does not accept collect phone calls.

A district court may revoke a term of supervised release upon a finding, by a preponderance of the evidence, that the defendant violated a condition of supervised release. 18 U.S.C. § 3583(e)(3); United States v. Hinson, 429 F.3d 114, 119 (5th Cir. 2005), cert. denied, 126 S. Ct. 1804 (2006). We review a district court's decision to revoke a defendant's supervised release for abuse of discretion. United States v. McCormick, 54 F.3d 214, 219 (5th Cir. 1995).

There was sufficient evidence presented by the Government for the district court to find that Knight possessed the cocaine found in the truck. The police located Knight in the area and in close proximity to the truck described in the anonymous tip. Knight had been seen on several occasions driving the truck and had personal property in the truck. By finding that Knight had violated the conditions of his supervised release, the district court implicitly found that the contrary testimony of Knight was not credible. This court does not pass on a district court's determination as to the credibility of the witnesses. See United States v. Alaniz-Alaniz, 38 F.3d 788, 791 (5th Cir. 1994). Accordingly, the district court did not abuse its discretion in finding that Knight had violated the conditions of his supervised release.

Knight also argues that the district court committed plain error by failing to afford him his right to allocute before sentencing, in violation of FED. R. CRIM. P. 32. As the Government acknowledges, the record does not show that the district court unequivocally communicated to Knight his right to speak prior to imposing his sentence. Thus, the district court committed error that is plain. See United States v. Reyna, 358 F.3d 344, 350 (5th Cir. 2004) (en banc). As the Government further acknowledges, prejudice is presumed because Knight was sentenced at the top of the applicable guideline range, as well as to the maximum possible term of supervised release. Id. at 352. Nevertheless, Knight fails to allege any facts or arguments that he would have made at sentencing that would have warranted a lesser sentence. See United States v. Magwood, 445 F.3d 826, 830 (5th Cir. 2006). Accordingly, the judgment of the district court is AFFIRMED.