# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 7, 2007

Charles R. Fulbruge III
Clerk

No. 07-40168
Summary Calendar

UNITED STATES OF AMERICA,

                            Plaintiff-Appellee,

v.

ROBERT E. BATEMAN,

                            Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 5:06-CR-597-1

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Robert Bateman appeals the eighteen-month sentence resulting from his guilty-plea conviction of one count of transporting an illegal alien for financial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

gain in violation of 8 U.S.C. § 1324. For the first time, Bateman challenges the finding that his transportation of nineteen aliens in the sleeper compartment of his tractor-trailer was reckless endangerment under U.S.S.G. § 2L1.1(b)(5).

The government argues that Bateman waived this challenge because he acknowledged the existence of the issue at sentencing but chose not to pursue it. The record demonstrates that Bateman's counsel was aware of the question concerning the enhancement for reckless endangerment under § 2L1.1(b)(5) and consciously forewent the issue when he expressly stated that he did not object to the enhancement because he was aware of the district judge's decisions up-holding such enhancements. Accordingly, Bateman waived the right to contest the enhancement, and the waived error is unreviewable. See United States v. Arviso-Mata, 442 F.3d 382, 384 (5th Cir.), cert. denied, 126 S. Ct. 2309 (2006); United States v. Dodson, 288 F.3d 153, 162 (5th Cir. 2002) .

Even if Bateman had not waived the issue, he has not shown that the increase for reckless endangerment is plain error. See United States v. Reyna, 358 F.3d 344, 350-53 (5th Cir. 2004) (en banc). The record demonstrates that the sleeper compartment was not large enough to hold nineteen persons safely and was extremely hot. The aliens were sweating and breathing heavily because of the conditions in the compartment. None was wearing a safety restraint, and in the event of an accident the aliens were subject to a substantial risk of death or serious bodily injury. See United States v. Angeles-Mendoza, 407 F.3d 742, 750-51 & nn.16-17 (5th Cir. 2005). Accordingly, the judgment is AFFIRMED.