# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-40714
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ERICK VIRGILIO VICENTE-VASQUEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CR-180-1

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Erick Virgilio Vicente-Vasquez appeals the 37-month concurrent sentences imposed following his guilty plea to two counts of transporting an unlawful alien within the United States by means of a motor vehicle. Vicente-Vasquez argues that the district court failed to comply with FED. R. CRIM. P. 32(i)(3)(B) because the court did not resolve the factual dispute concerning whether he was entitled to a downward adjustment for acceptance of responsibility. Vicente-Vasquez did not object at sentencing regarding the district court's compliance with Rule 32.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Accordingly, we will apply plain error review. See *United States v. Reyna*, 358 F.3d 344, 349-50 (5th Cir. 2004) (en banc).

When a portion of the PSR is disputed or there is any other controverted matter, Rule 32(i)(3)(B) requires a district court to "rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." FED. R. CRIM. P. 32(i)(3)(B). The district court's adoption of the PSR will satisfy Rule 32 "when the findings in the PSR are so clear that the reviewing court is not left to second-guess the basis for the sentencing decision." *United States v. Carreon*, 11 F.3d 1225, 1231 (5th Cir. 1994). In the instant case, the record shows that the district court's statements at the sentencing hearing indicated that the court was overruling Vicente-Vasquez's objections and accepting the PSR's sentencing recommendation. Furthermore, the district court specifically adopted the PSR's factual findings and guideline application. Accordingly, the district court satisfied the requirements of Rule 32. Id.

Vicente-Vasquez also argues that the district court erred in not adjusting his offense level downward for acceptance of responsibility. He asserts that he truthfully admitted all conduct concerning the offense of conviction and did not falsely or frivolously deny any relevant conduct in which he was involved. The defendant bears the burden of demonstrating that he is entitled to a reduction under U.S.S.G. § 3E1.1. *United States v. Perez*, 915 F.2d 947, 950 (5th Cir. 1990). Consideration may be given to whether the defendant truthfully admitted or falsely denied any additional relevant conduct for which he was accountable. § 3E1.1, comment. (n.1(a)). We examine the denial of a reduction for acceptance of responsibility under a standard of review even more deferential than a pure clearly erroneous standard. *United States v. Outlaw*, 319 F.3d 701, 705 (5th Cir. 2003). We will affirm a sentencing court's decision not to award a reduction under § 3E1.1 unless it is without foundation. *United States v. Solis*, 299 F.3d 420, 458 (5th Cir. 2002).

Vicente-Vasquez repeatedly disputed that he was involved in two prior instances of transporting illegal aliens. The district court determined that Vicente-Vasquez's disavowal was not credible. Because Vicente-Vasquez falsely denied engaging in the relevant conduct, he acted in a manner inconsistent with acceptance of responsibility. § 3E1.1, comment. (n.1). Furthermore, the record contained evidence upon which the district court could base its finding that Vicente-Vasquez falsely denied his involvement in the relevant conduct. Therefore, the district court's ruling is not without foundation. See Solis, 299 F.3d at 458. The district court did not err in refusing to make an adjustment under § 3E1.1.

AFFIRMED.