# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 10, 2010

No. 09-41078

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EFREN VALTIERRA-ORTEGA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:09-CR-906

Before DAVIS, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Efren Valtierra-Ortega appeals the judgment of conviction and the sentence imposed by the district court, contending that the court committed two procedural errors. He claims first that the court impermissibly abridged his defense counsel's right of allocution, as guaranteed by Federal Rule of Criminal Procedure 32(i)(4)(A)(i); and second, that the court failed to explain his sentence adequately, as required by 18 U.S.C. § 3553(c). We vacate and remand for resentencing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-41078

## I.

Valtierra-Ortega was convicted of violating 8 U.S.C. § 1326, illegal reentry into the United States by an alien previously removed following conviction on an aggravated felony. The presentence report (PSR) assigned a base offense level of eight and recommended a 16-level enhancement pursuant to U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii). Valtierra-Ortega filed written objections to the PSR, including a request for a sentence below the Guidelines range.

At the sentencing hearing, Valtierra-Ortega's counsel began to present objections to the PSR's Guidelines calculations. Before he could finish, however, the judge interrupted counsel to inform Valtierra-Ortega that he had a right to speak. Valtierra-Ortega then exercised his right of allocution, as did the Government. Afterward, Valtierra-Ortega's counsel attempted to finish his sentencing presentation, but the judge again prevented him from doing so:

> THE COURT:   Okay. The Court adopts the factual finding contained —
>
> MR. GOULD:   Your Honor, I'm sorry. I wasn't finished. I just had a couple of other requests. I did —
>
> THE COURT:   You should have made them in writing. I'm not — I don't have any more time for you.
>
> MR. GOULD:   I did make them in writing, your Honor.
>
> THE COURT:   Okay. Then I've already considered them and they're overruled.

The judge then proceeded to adopt the PSR's factual findings and stated, "The Court considers those factors under 18 [U.S.C. §] 3553(a), [and] concludes that a sentence within these guidelines satisfies them." Valtierra-Ortega's counsel objected, asserting that "the sentence is greater than necessary to achieve the purposes of 18 [U.S.C. §] 3553 [and] that the reasons for the sentence have not been adequately explained." The judge overruled the objection. Valtierra-Ortega timely filed his notice of appeal.

No. 09-41078

## II.

We have held that if the defendant made a timely objection to a district court's procedural error, we must apply Federal Rule of Criminal Procedure 52(a) and conduct a "harmless error" analysis to determine whether the error was prejudicial. *See United States v. Reyna*, 358 F.3d 344, 348 (5th Cir. 2004) (en banc). One important aspect of the harmless error inquiry is that the burden of persuasion with respect to prejudice "rests on the party seeking to uphold the sentence," here the Government. *United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009).

Alternatively, if the defendant did not preserve his objection to the procedural error, Rule 52(b) applies to the forfeited objection, and we must conduct "plain error" review: "[W]e first ask whether the district court committed an 'error that is plain and that affect[s] substantial rights.' If those criteria are met, we have the discretion to correct the forfeited error but should do so only if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Reyna*, 358 F.3d at 350 (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993) (internal quotations omitted)).

## III.

Valtierra-Ortega argues, and the Government agrees, that the district court committed procedural error by denying defense counsel the opportunity at sentencing to advocate a below-Guidelines sentence, thereby violating his Rule 32 right of allocution. *See* FED. R. CRIM. P. 32(i)(4)(A)(i) (requiring a court to "provide the defendant's attorney an opportunity to speak on the defendant's behalf" before imposing a sentence). Valtierra-Ortega's counsel was in the process of communicating his objections to the PSR when the judge cut him off. Although counsel did not expressly object, he made a diligent effort to complete his argument. *See United States v. Krout*, 66 F.3d 1420, 1434 (5th Cir. 1995) (explaining that in order to preserve an objection "[a] party must raise a claim

No. 09-41078

of error with the district court in such a manner so that the district court may correct itself") (quotation omitted). We therefore construe the court's interruption of Valtierra-Ortega's counsel, together with counsel's later request to finish his allocution, as sufficient to preserve the objection. *See United States v. Li*, 115 F.3d 125, 132 (2d Cir. 1997) (finding that although defense counsel voiced no objection, the defendant's protests were sufficient to preserve an objection to the court's violation of her right of allocution).

We must determine whether the court's denial of Valtierra-Ortega's counsel's right of allocution was "harmless error." The Government, which bears the burden of persuasion, conceded that "[a]lthough the district court correctly applied the sentencing guidelines, the sentence imposed is the result of a significant procedural error — counsel was not afforded a meaningful opportunity to argue on Valtierra-Ortega's behalf." We agree. Counsel was not permitted to make a general mitigation argument or one for downward departure, and the Government has made no attempt to persuade us that the error was harmless.

Therefore, based on the record and the Government's concession, we conclude that the district court did not give Valtierra-Ortega's counsel a sufficient opportunity to allocute and that the court's failure to do so constitutes reversible procedural error.

IV.

Accordingly, we VACATE Valtierra-Ortega's sentence and REMAND for resentencing. As we are vacating and remanding, we need not reach the district court's alleged violation of 18 U.S.C. § 3553(c). As we noted above, Valtierra-Ortega expressly preserved his objection to this violation, and the Government again conceded procedural error. We, therefore, assume that, at resentencing on remand, the district court will adequately explain the reasons for the sentence imposed in compliance with § 3553(c).

No. 09-41078

VACATED and REMANDED.