# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 16, 2011

No. 10-10240
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BERNARD JOSEPH DOLENZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CR-107-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Bernard Joseph Dolenz has appealed the district court's judgment revoking his supervised release and sentencing him to a term of imprisonment of 12 months plus one day. Dolenz complains that he was not given an opportunity to allocute prior to imposition of the sentence.

As Dolenz concedes, our review is for plain error. *See United States v. Reyna*, 358 F.3d 344, 353 (5th Cir. 2004) (en banc). To show plain error, Dolenz must show a forfeited error that is clear or obvious and that affects his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If Dolenz makes such a showing, we have the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Under FED. R. CRIM. P. 32.1(b)(2)(E), Dolenz was entitled to "an opportunity to make a statement and present any information in mitigation." The failure to provide Dolenz with an opportunity to speak in mitigation of his sentence was a clear or obvious error. *See United States v. Avila-Cortez*, 582 F.3d 602, 604 (5th Cir. 2009). Where, as here, the defendant has been sentenced above the guidelines range, this court has presumed that the error prejudiced the defendant's substantial rights. *See United States v. Magwood*, 445 F.3d 826, 829-30 (5th Cir. 2006). In this circumstance, we must conduct a thorough review of the record to determine whether we should exercise our discretion to correct the error because it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Avila-Cortez*, 582 F.3d at 604-05. "[I]f the defendant had a prior opportunity to allocute, or if the defendant fails to explain what exactly he or she would have said during allocution that might mitigate the sentence, then the case is one of those 'limited class of cases' in which we will decline to exercise our discretion to correct the error." *Id.* at 606.

Dolenz had a prior opportunity to allocute, and he fails to explain in his brief what he would have said support of mitigation of his sentence. The only mitigating factor apparent on the record is that Dolenz is elderly and in poor health, a factor that was considered by the court in permitting Dolenz to report to prison voluntarily. The record does not demonstrate that the fairness, integrity, or public reputation of the judicial proceedings was impacted negatively by the district court's failure to give Dolenz an opportunity to allocute. For that reason, we decline to exercise our discretion to correct the forfeited error. The judgment is AFFIRMED.