# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50554
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 29, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NOE RODRIGUEZ-MARTINEZ, also known as Noe Martinez-Rodriguez, also known as Noe M. Rodriguez, also known as Noe Martinez, also known as Noe Rodriguez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:09-CR-745-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Noe Rodriguez-Martinez appeals the 24-month sentence imposed by the district court upon revocation of probation. He argues that the sentence, which is below the 10-year statutory maximum term of imprisonment that the district court could have imposed, *see* 18 U.S.C. § 3565(b)(1), is plainly unreasonable. He asserts that a sentence within the policy statement range of 6 to 12 months

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of imprisonment would have been sufficient punishment given that he spent most of his life in the United States and assimilated into American culture. He further argues that if he had "been given the opportunity to freely and fully exercise his right to allocute (instead of being told to be quiet by the court)," he would have been better able to explain these mitigating circumstances. Because he raises these issues for the first time on appeal, our review is for plain error only. *See United States v. Kippers,* 685 F.3d 491, 497 (5th Cir. 2012).

The record reflects that the district court gave Rodriguez-Martinez an opportunity to speak in mitigation of his sentence before imposing sentence. *See* FED. R. CRIM. P. 32(i)(4)(A)(ii); *United States v. Reyna,* 358 F.3d 344, 350 (5th Cir. 2004) (en banc). Although the district court told Rodriguez-Martinez to "be quiet," the admonishment came after the district court had already imposed sentence and after Rodriguez-Martinez had already explained at length his personal history and circumstances, including his ties to the United States. Moreover, Rodriguez-Martinez fails to raise any facts in his brief that were not considered by the district court during the revocation proceedings or to set forth the facts that would have been brought to light if he had been permitted to continue to speak after the sentence was imposed. Accordingly, we find no plain error.

AFFIRMED.