# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60189
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 20, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

       Plaintiff–Appellee,

v.

RAY CHARLES LENOIR,

       Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:98-CR-121-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

In 1999, Ray Charles Lenoir was convicted of possessing with the intent to distribute cocaine base. He was sentenced to 71 months of imprisonment and five years of supervised release. The term of imprisonment later was reduced to 48 months under Federal Rule of Criminal Procedure 35. In 2014, the district court revoked Lenoir's supervised release, sentenced Lenoir to six months of imprisonment, and imposed an additional three years of supervised

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

release.  The district court revoked Lenoir's supervised release for a second time in 2016.  It imposed a sentence of ten months of imprisonment and two years of supervised release.  Lenoir now appeals the second revocation of supervised release and his resulting sentence.

Lenoir did not present either of the arguments he now raises on appeal to the district court.  Accordingly, we will review the district court's actions for plain error only.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Reyna*, 358 F.3d 344, 350 (5th Cir. 2004) (en banc).  To prevail on plain-error review, Lenoir must show that an error occurred, that the error was clear or obvious, and that the error affected his substantial rights.  *See Puckett*, 556 U.S. at 135.  If Lenoir makes that showing, we have the discretion to correct the error, but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotation marks and citation omitted).

First, Lenoir argues that the district court erred by failing to follow its self-proclaimed policy not to revoke supervised release unless the government proved that the defendant had been convicted of the new federal, state, or local crime warranting revocation.  He asserts that the court should not have revoked his supervised release absent proof of a conviction.  Lenoir has not shown reversible plain error.  A district court may revoke a term of supervised release upon finding, by a preponderance of the evidence, that the defendant violated a condition of supervised release.  18 U.S.C. § 3583(e)(3); *see United States v. Jang*, 574 F.3d 263, 265-67 (5th Cir. 2009).  Lenoir has cited no authority to suggest that the district court altered the statutorily applicable standards for supervised release revocation proceedings when it expressed its preference, in the terms of a policy, that the government show proof of a

conviction in revocation cases based on allegations that the defendant committed a new crime.

Also, Lenoir argues that the district court erred when it imposed his revocation sentence without giving him an opportunity to speak or to present information in mitigation of his sentence. Lenoir is correct that the district court committed clear and obvious error by failing to give him an opportunity to allocute prior to imposing his revocation sentence. *See United States v. Magwood*, 445 F.3d 826, 829 (5th Cir. 2006). Because the district court sentenced Lenoir at the top of his revocation sentencing guidelines range, we must presume that the error affected Lenoir's substantial rights. *See Reyna*, 358 F.3d at 353. However, we decline to exercise our discretion to correct the district court's error. Lenoir has not identified any specific facts or arguments he would have made at sentencing to convince the court to impose a more lenient sentence. *See Magwood*, 445 F.3d at 830. Accordingly, Lenoir's case is one of the "limited class of cases" where the error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings before this court. *See Reyna*, 358 F.3d at 352. He has not shown reversible plain error.

The judgment of the district court is AFFIRMED.