# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2019

Lyle W. Cayce
Clerk

No. 19-10103
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JEFFREY CHLEO BROWN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-242-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Jeffrey Chleo Brown appeals the sentence imposed following his guilty plea conviction for one count of wire fraud. The district court varied above the advisory guidelines range and sentenced him to 40 months in prison.

Brown contends that the district court violated Federal Rule of Criminal Procedure 32(i)(3)(B) because the court did not resolve a factual dispute during the sentencing hearing. He indicates that there was a controverted issue as to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10103

the accuracy of a victim-impact statement filed by the president of the company where he used to work.  Brown maintains that the district court was required to resolve whether the statement correctly represented that Brown's criminal acts—i.e., using company credit cards to make personal purchases and altering statements and bills to reflect that the purchases were valid business expenses—had substantial economic consequences for his employer and nearly caused its collapse.

The record reflects that Brown failed to raise the issue of Rule 32(i)(3)(B) at sentencing and did not otherwise argue that the district court did not resolve a disputed issue or make relevant findings or rulings.  Thus, our review is for plain error.  *See United States v. Reyna*, 358 F.3d 344, 349-50 (5th Cir. 2004) (en banc); *United States v. Esparza-Gonzales*, 268 F.3d 272, 274 (5th Cir. 2001).

Rule 32(i)(3)(B) states that a district court must, for any disputed portion of the presentence report or other controverted matter, rule on the dispute or determine that a ruling is unnecessary because the matter will not affect or be considered at sentencing.  FED. R. CRIM. P. 32(i)(3)(B).  We have not previously addressed whether Rule 32(i)(3)(B) requires resolution of disputed issues that arise from a victim-impact statement or mandates a ruling as to any contested issue—whether strictly factual or not—that is contested at sentencing.  Given the lack of controlling authority, and in light of contrary jurisprudence from other courts, *see, e.g.*, *United States v. Petri*, 731 F.3d 833, 838-42 (9th Cir. 2013), any error by the district court in not resolving the alleged dispute in accordance with Rule 32(i)(3)(B) was not clear or obvious.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007).  Moreover, Brown has not shown a reasonable probability that he would have received a lower sentence but for the district court's alleged

No. 19-10103

error.  *See Puckett*, 556 U.S. at 135; *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010).

AFFIRMED.