United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 23, 2005**

Charles R. Fulbruge III
Clerk

In the
# United States Court of Appeals
## for the Fifth Circuit

_____

m 04-30205

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JOSEPH LEE JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana
m 03-CR-50078-ALL

_____

Before SMITH and GARZA, Circuit Judges, and VANCE,[*] District Judge.
Circuit Judges.

PER CURIAM:[**]

This court affirmed Joseph Jackson's conviction. *United States v. Jackson*, 390 F.3d 393 (5th Cir. 2004). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005). *Jackson v. United States*, 125 S. Ct. 1683 (2005). We requested and received supplemental letter briefs addressing the impact of *Booker*.

Jackson did not raise a Sixth Amendment issue in the district court but did so in a letter brief filed in this appeal long before our opinion issued. He raised the issue again in his petition for writ of certiorari. In his supplemental brief addressing *Booker*, he acknowledges that at his guilty plea hearing, he admitted to possessing 1,486 grams of cocaine, a figure that was used to calculate his sentence. The district court then departed upwardly from the range calculated in accordance with the then-mandatory sentencing guidelines.

By virtue of his failure to object in the district court, Jackson concedes that he is subject to plain-error review. *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005),

*petition for cert. filed* (Mar. 31, 2005) (No. 04-9517). "An appellate court may not correct an error the defendant failed to raise in the district court unless there is '(1) error, (2) that is plain, and (3) that affects substantial rights.'" *Id.* (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)).

Because Jackson admitted to the quantity of drugs on which his sentence was based, there is no Sixth Amendment violation. His only remaining claim is that he nonetheless is entitled to be sentenced under an advisory, instead of mandatory, guideline regime. "Technically, this is a "*Fanfan* error, not a *Booker* error." *United States v. Martinez-Lugo*, 2005 U.S. App. LEXIS 10432, at * 5 (5th Cir. June 7, 2005) (per curiam) (referring to Ducan Fanfan, the second defendant in the consolidated opinion in *Booker*). *See United States v. Villegas*, 404 F.3d 355, 364 (5th Cir. 2005) (per curiam) (discussing the difference between *Booker* and *Fanfan* error).

The government concedes that although there is no *Booker* error, there is *Fanfan* error. The third prong of the plain-error test requires, under *Mares*, that "the defendant rather than the government bears the burden of persuasion with respect to prejudice." *Mares*, 402 F.3d at 521 (citing *United States v. Olano*, 507 U.S. 725, 734 (1993)). To show that his substantial rights are affected, Jackson would have to "point[] to . . . evidence in the record suggesting that the district court would have imposed a lesser sentence under an advisory guidelines system." *United States v. Taylor*, No. 03-10167, 2005 U.S. App. LEXIS 8701, at *4 (5th Cir. May 17, 2005) (per curiam) (citations omitted). In other words, "the pertinent question is whether [the defendant] demonstrated

---

[*] District Judge of the Eastern District of Louisiana, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the sentencing judgeSSsentencing under an advisory scheme rather than a mandatory oneSSwould have reached a significantly different result." *Mares*, 402 F.3d at 521. To meet this standard, the proponent of the error must demonstrate a probability "sufficient to undermine confidence in the outcome." *United States v. Dominguez Benitez*, 542 U.S. 74, __, 124 S. Ct. 2333, 2340 (2004).

In her supplemental brief, Jackson's counsel candidly admits that "the record does not satisfy the *Mares* prejudice standard for plain error review." She suggests that *Mares* is wrongly decided but acknowledges it as binding Fifth Circuit precedent. She proceeds, however, to argue further that applying the sentencing guidelines as mandatory is structural error that requires no showing of prejudice "because it affected the entire framework within which sentencing proceeded [and] should be deemed to have affected Jackson's substantial rights, in satisfaction of the third prong of *Olano*'s plain error test."

This contention has no merit, for we have determined that *Booker* error is not structural error. *United States v. Muhammad*, No. 03-10137, 2005 U.S. App. LEXIS 9078, at *3 (5th Cir. May 18, 2005) (per curiam) (unpublished). "[W]e reject [the] argument that *Booker* error is structural and insusceptible to harmless error analysis, and that *Booker* error should be presumed prejudicial, as both claims are in conflict with *Mares*." *United States v. Malveaux*, 2005 U.S. App. LEXIS 5960, at * 4 n.9 (5th Cir. Apr. 11, 2005) (per curiam). Neither *Booker* error nor *Fanfan* error is structural. *Martinez-Lugo*, 2005 U.S. App. LEXIS 10432, at *8.[1]

The judgment of conviction is AFFIRMED for the reasons set forth in our initial opinion. For the reasons herein explained, the judgment of sentence is likewise AFFIRMED.

---

[1](...continued) related argument that "[e]ven if the error is not deemed structural, it should be considered as among the class of errors that are 'presumed prejudicial'" (citing, *inter alia*, *United States v. Reyna*, 358 F.3d 344, 351-52 (5th Cir.) (en banc), *cert. denied*, 541 U.S. 1065 (2004)). As the government points out, *Reyna* addressed an entirely different situation, and in any event, Jackson's argument is foreclosed by the statement in *Booker* that mandates review under "ordinary prudential doctrines" such as "the harmless error doctrine." *Booker*, 125 S. Ct. at 769.

---

[1] In his supplemental brief, Jackson makes the
(continued...)