IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-40110
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JESUS ALEJANDRO GARCIA-MIRANDA, also known as Alejandro Miranda,
also known as Alex Miranda

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-662-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jesus Alejandro Garcia-Miranda appeals the sentence imposed following his guilty-plea conviction for being found unlawfully in the United States after deportation. Garcia-Miranda argues that his sentence is unreasonable because the district court failed to consider or give reasons for rejecting his diminished capacity argument, did not inquire into his current mental condition, and did not properly balance the factors in 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court imposed a 60-month sentence within the advisory guidelines range which is entitled to a rebuttable presumption of reasonableness. See Rita v. United States, 127 S. Ct. 2457, 2468 (2007); United States v. Alonzo, 435 F.3d 551, 553-54 (5th Cir. 2006). After considering Garcia-Miranda's written request for a downward departure, the information in the presentence report, and the parties' arguments concerning a downward departure at the sentencing hearing, the district court implicitly determined that a downward departure based on Garcia-Miranda's diminished capacity was not warranted and that a 60-month sentence was appropriate. Although the district court did not provide any written or oral reasons for denying Garcia-Miranda's motion for a downward departure or for the sentence imposed, little explanation is required when a district court imposes a sentence within a properly calculated guidelines range. See United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005). Garcia-Miranda has not shown that the district court failed to consider his diminished capacity argument or any other factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error of judgment in balancing the sentencing factors. See United States v. Smith, 440 F.3d 704, 708 (5th Cir. 2006). Therefore, Garcia-Miranda has not shown that his 60-month sentence is unreasonable.

Garcia-Miranda argues that the district court did not clearly and unequivocally give him the opportunity to allocute concerning his mental condition at the sentencing hearing. Garcia-Miranda concedes that he did not raise this issue in the district court. Therefore, review is limited to plain error. See United States v. Reyna, 358 F.3d 344, 350-53 (5th Cir. 2004) (en banc). Even if there was error that was plain and that affected Garcia-Miranda's substantial rights, we decline to hold that the error "seriously affected the fairness, integrity, or public reputation of judicial proceedings." See United States v. Magwood, 445 F.3d 826, 829-30 (5th Cir. 2006). Although Garcia-Miranda may have been able to provide current information concerning his disability or how it affected his

offense, he has not identified any specific additional information that he would have provided, and thus, he has not demonstrated that his statement would have provided an "objective basis that would have moved the trial court to grant a lower sentence." See id. at 830.

Garcia-Miranda also maintains that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir.2007), cert. denied, (Jan. 7, 2008) (No. 07-6202).

AFFIRMED.