United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 3, 2007**

Charles R. Fulbruge III
Clerk

REVISED

In the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 06-30197
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ANTHONY QUINN COLEMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana
m 05-CR-20038

_____

Before HIGGINBOTHAM, SMITH, and DEMOSS,
  Circuit Judges

PER CURIAM:[*]

Anthony Coleman pleaded guilty to one count of possession of a firearm by a convicted felon. He appeals his sentence, claiming the district court impermissibly departed from the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published (continued...)

[*](...continued)
and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

applicable guideline range. Because the court failed to articulate sufficient reasons to justify an upward departure, we vacate the sentence and remand for resentencing.

## I.

Coleman was arrested while walking on a street carrying a 12-gauge shotgun. He confessed that the night before his arrest, he had participated in the burglary of a local gas station. The 12-gauge shotgun he was carrying had been stolen from the house of one of his co-burglars; Coleman claimed he had bought it that morning from one of his cohorts, intending to pawn it for a profit. His accomplice denied having stolen the shotgun or having sold it to Coleman.

Coleman's presentence investigation report ("PSR"), to which he did not object, suggested a base offense level of 20, pursuant to U.S.S.G. § 2K2.1(a)(4)(A). Two levels were added because the weapon was stolen, and three levels were subtracted for acceptance of responsibility. Coleman was assessed a criminal history score of 17 for numerous felony and misdemeanor criminal convictions, for committing the offense while on probation, and for committing it within two years of release from custody on another offense. His score was four points higher than the minimum for criminal history category VI; his offense level and criminal history category yielded a guideline range of 63-78 months' imprisonment.

The district court informed both parties before sentencing that it was considering an upward departure from the recommended guideline range because of "this defendant's criminal history and the nature of the offense." Despite the fact that Coleman's criminal history score placed him in the highest possible criminal history category, the PSR indicated an additional eleven prior convictions that had not been included in the calculation. At sentencing, however, no mention was made of the criminal history;[1] instead, the court indicated that it considered Coleman's offense to be a different situation from a typical felon-in-possession charge:

> This incident involved a burglary that Coleman was involved in, and he was found walking down the street while they were still looking for the people who were involved in the burglary that very same day with a shotgun. And, according to the PSR, that shotgun had been stolen from a home by one of the co-perpetrators in the burglary that Mr. Coleman was involved in, which would lead me to believe that the shotgun was present during the burglary.

The court sentenced Coleman to the statutory maximum of 120 months' imprisonment, a 54% increase from the high-end of the guideline range.

## II.

Where a court imposes a sentence that includes an upward departure authorized by the guidelines, we review for "abuse of discretion." *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). We look to our pre-

---

[1] In the written statement of reasons, the court wrote, "The criminal history category substantially under represented the seriousness and violence of the defendant's criminal history. The charged offense under represents the seriousness of the conduct." This language merely restates the statutory standard. *See* U.S.S.G. § 4A1.3(a)(1); 18 U.S.C. § 3553(a)(2)(A).

*Booker* caselaw[2] for guidance in assessing the extent of the departure. *Id.* at 707. The court is entitled to find by a "preponderance of the evidence" all the facts relevant to an upward departure, *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 43 (2005), and we accept findings of fact made in connection with sentencing unless they are clearly erroneous, *United States v. Creech*, 408 F.3d 264, 270 n.2 (5th Cir. 2005). "There is no abuse of discretion if the judge provides acceptable reasons for departure and the degree of departure is reasonable." *United States v. Delgado-Nunez*, 295 F.3d 494, 497 (5th Cir. 2002) (citing *United States v. Nevels*, 160 F.3d 226, 229-30 (5th Cir. 1998)). "Enunciation of an adequate explanation for departure from the sentencing guidelines range is a threshold requirement mandated by statute." *United States v. Madison*, 990 F.2d 178, 182 (5th Cir. 1993).[3]

The sentencing guidelines authorize upward departures if the court finds aggravating circumstances "of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that, in order to advance the objectives set forth in 18 U.S.C. § 3553(a)(2), should result in a sentence different from that described." U.S.S.G. § 5K2.0(a)(1). "The Guidelines Manual explains that it intends each guideline to create a heartland of typical cases and departure is appropriate only if conduct in a given case differs significantly from the norm and such that the crime is outside this heartland." *United States v. Saldana*, 427 F.3d 298, 309 n.43 (5th Cir. 2005) (citing *United States v. Winters*, 174 F.3d 478, 482 (5th Cir. 1999)).

The district court stated that it was departing from the guidelines because Coleman's offense presented a "different situation" from a typical felon in possession charge. The court based this conclusion on its finding that Coleman had possessed the shotgun during a burglary the night before his arrest. This finding was clearly erroneous.

There was no evidence in the PSR or in the factual stipulation that would indicate the shotgun was present at the burglary. The only government witness at sentencing admitted that "we are unable to decide if [the gun was stolen] prior [to] or after the burglary." Under a preponderance of the evidence standard, a judge could not reasonably have concluded that the gun was present at the burglary.

Other than the erroneous finding that the gun was used in a burglary, at sentencing the court made no other factual finding to justify the upward departure. The government contends that, even if Coleman did not possess the gun during the burglary, it is undisputed that the two events occurred close in time. The government fails to explain, however, how temporal proximity distinguishes Coleman's case from the heartland of the guidelines range. Even if were to overlook the court's

---

[2] *See United States v. Booker*, 543 U.S. 220 (2005).

[3] *See, e.g.,* U.S.S.G. § 5K2.0(e) ("If the court departs from the applicable guideline range, it shall state, pursuant to 18 U.S.C. § 3553(c), its specific reasons for departure in open court at the time of sentencing and, with limited exception in the case of statements received in camera, shall state those reasons with specificity in the written judgment and commitment order."). *Cf. Smith*, 440 F.3d at 707 ("[T]he district court must more thoroughly articulate its reasons when it imposes a non-Guideline sentence than when it imposes a sentence under the authority of the guidelines.").

error that resulted from its failure to identify any other elements of Coleman's offense that take him out of the heartland, its explanation that "the charged offense under represents the seriousness of his conduct" is not an adequate ground for departure.

As for the other asserted reason for departure, that "the criminal history category substantially under represents the seriousness and violence of the defendant's criminal history," the court made no mention of this factor at the sentencing hearing. We have previously recognized that "in the event of a conflict between an oral pronouncement of judgment and a written judgment the oral pronouncement controls." *United States v. McDowell*, 109 F.3d 214, 217 (5th Cir. 1997). We would be tempted to conclude that the court did not rely on Coleman's criminal history in arriving at a departure.

Even if we were to consider the explanation in the written judgment, however, we would find it inadequate, because the court did not "specify in writing . . . the specific reasons why the applicable criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(c)(1). In *United States v. Zuniga-Peralta*, 442 F.3d 345 (5th Cir. 2006), we upheld a sentence where the court's written statement failed to provide specific factual reasons; we did so because the court had expressly adopted the findings of the PSR, which recommended a departure under § 4A1.3.

Coleman's PSR makes no such recommendation. Although Coleman has a number of older convictions that were not considered in calculating his criminal history score, the dis-

trict court did not indicate why criminal history category VI does not adequately account for these convictions, particularly in view of the fact that none of Coleman's prior felony convictions was for violent conduct. Without specific, stated reasons for the upward departure, the departure does not survive the abuse-of-discretion standard of review.[4]

It is true that sentencing courts are not required to give lengthy, rote explanations when announcing sentences authorized by the guidelines. *Mares*, 402 F.3d at 519. We also note that the departure in this case is within the range of departures that have been previously upheld under § 4A1.3.[5] For us to exercise appellate review over an upward departure sentence (even one authorized by the guidelines), however, the court must articulate some fact-

---

[4] *See, e.g., United States v. Martinez-Perez*, 916 F.2d 1020, 1024-25 (5th Cir. 1990) ("We have repeatedly stated, when a district court relies on section 4A1.3 to depart from the established guidelines, it should articulate its reasons for doing so explicitly. The court should identify clearly the aggravating factors and its reasons for connecting them to the permissible grounds for departure under section 4A1.3. The district court did not do so in this case, and our review of the record has unearthed no reason to believe that the Guidelines did not adequately consider this defendant's criminal history. We therefore conclude that the district court erred in departing from the Guidelines on that ground.") (internal citations omitted).

[5] *See, e.g., United States v. Millsaps*, 157 F.3d 989, 997 (5th Cir. 1998) (approving a departure from a range of 151-188 months to a sentence of 238 months based on offenses not included in criminal history score); *United States v. Ashburn*, 38 F.3d 803, 808-10 (5th Cir. 1994) (upward departure from a guideline range maximum of 78 months to 180 months where previous robberies were not included in criminal history score).

specific reasons to allow us to conclude that the sentence was fair and reasonable.[6] Where the court fails to provide any fact-specific reasons to support a departure of 42 months from the top of the guideline range, it is an abuse of discretion, at least under the facts and circumstances of this case.

The sentence is VACATED, and this matter is REMANDED for resentencing.

---

[6] *See Mares*, 402 F.3d at 519 ("Such reasons are essential to permit this court to review the sentence for reasonableness as directed by *Booker*.").