# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 8, 2011

No. 10-10788

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MANUEL AGUILERA-DELEON,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:10-CR-13-1

Before SMITH, SOUTHWICK, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Manuel Aguilera-DeLeon appeals his 57-month sentence for illegal reentry after deportation, arguing that the district court committed reversible error by denying him the right of allocution before pronouncing his sentence, and by categorizing his previous aggravated assault conviction as an aggravated felony for deportation purposes. We agree that the right to allocution was improperly limited. We VACATE his sentence and REMAND for resentencing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10788

## STATEMENT OF FACTS

Aguilera-DeLeon was charged with illegal reentry after deportation. He pled guilty but did not waive his right to appeal. The presentence report characterized a prior conviction for aggravated assault as a crime of violence and increased his offense level by 16 levels pursuant to the Sentencing Guidelines. U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii) (2010). A total offense level of 21 and a criminal history category of III produced a Guidelines imprisonment range of 46 to 57 months. The presentence report listed factors that might warrant a sentence outside the Guidelines range and stated that Aguilera-DeLeon was considered an aggravated felon for deportation purposes due to his aggravated assault conviction. *See* 8 U.S.C. § 1101(a)(43).

Aguilera-DeLeon objected to the presentence report, arguing that his aggravated assault conviction, for which he received a four-year term of deferred adjudication, was not an aggravated felony under Section 1101(a)(43). The district court held that the objection was moot because the court was not making an upward variance based on the purported erroneous characterization.

The district court advised Aguilera-DeLeon that he had the right to address the court and asked if he had anything he wished to state before he was sentenced. Aguilera-DeLeon began by mentioning his prior aggravated assault offense. The district court interrupted him and stated that it would not "relitigate that offense." The district court then asked if Aguilera-DeLeon had anything to offer in mitigation of his sentence. Aguilera-DeLeon pleaded for forgiveness and explained that he had returned to the United States to be with his family. The district court accepted the guilty plea and sentenced him at the top of the Guidelines range. Aguilera-DeLeon timely appealed.

No. 10-10788

DISCUSSION

Aguilera-DeLeon raises two challenges to his sentence. He contends the district court erred by denying him the right to allocution and by categorizing a prior conviction as an aggravated felony for deportation purposes.

The parties agree that Aguilera-DeLeon needed to but failed to object to the district court's limiting his opportunity to allocute. Because he did not, the parties also agree that our review is for plain error. They rely on a decision in which plain error review was given to a defendant's failure to object when the district court neither addressed him nor gave him a chance to allocute. *United States v. Reyna*, 358 F.3d 344, 353 (5th Cir. 2004) (en banc). What occurred here might instead be analyzed as a *sua sponte* ruling by the district court not to allow introduction of certain evidence that was being offered, namely, the explanation the defendant began to make of the events underlying the prior conviction. We do not pursue that analysis further because of Aguilera-DeLeon's concession that this is a matter for plain-error analysis.

To establish reversible plain error, Aguilera-DeLeon must show that the district court committed a "clear or obvious" error that affected both his substantial rights and "the fairness, integrity, or public reputation of judicial proceedings." *United States v. Thompson*, 454 F.3d 459, 464 (5th Cir. 2006) (quotation marks and citation omitted).

Aguilera-DeLeon did object to the allegedly erroneous characterization of his aggravated assault conviction as a crime of violence. Our review of that issue is for clear error. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 765 (5th Cir. 2008).

3

No. 10-10788

*I.     Right to Allocution*

As an initial matter, we must decide whether the substance of Aguilera-DeLeon's reply brief is properly before this court.  The government filed a letter under Federal Rule of Appellate Procedure 28(j) objecting to supplemental facts included in the reply brief.  Aguilera-DeLeon's initial brief generally described what he would have stated to the district court had he been allowed to allocute on his aggravated assault conviction.  The government's brief argued that Aguilera-Leon's description was not specific enough.  In the reply brief, Aguilera-DeLeon addresses that alleged shortcoming by providing details as to the mitigation testimony he would have given. The government urges us not to consider these details.

A claim raised for the first time in a reply brief will generally not be considered.  *United States v. Aguirre-Villa*, 460 F.3d 681, 683 n.2 (5th Cir. 2006).  Nonetheless, the court has discretion to consider an issue raised for the first time in a reply brief if it is in response to an issue raised in an appellee's brief.  *United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009).  Here, because Aguilera-DeLeon raised no new claims but only provided detail in response to the government's assertion that his factual explanation was insufficient, we will consider the contents of the reply brief.

Aguilera-DeLeon contends that the district court violated his right to allocution by interrupting him and forbidding him to speak about mitigating circumstances that surrounded his aggravated assault conviction. Federal Rule of Criminal Procedure 32 requires the district court to "address the defendant personally in order to permit the defendant to speak or present *any* information to mitigate the sentence" before imposing sentence.   Fed. R. Crim. P.

No. 10-10788

32(i)(4)(A)(ii) (emphasis added). The district court must apply Rule 32 "quite literally" and "make a personal inquiry directed to the defendant." *United States v. Magwood*, 445 F.3d 826, 829 (5th Cir. 2006) (quotation marks and citations omitted).

What we are reviewing is an allocution in which the mitigation testimony being offered was limited by the district court. The following exchange occurred:

AGUILERA:      When my wife called 911 and the police went to my house--

COURT:      I'm not going to relitigate that offense. I'm asking you if you have anything which you wish to state to the court in the way of mitigation of sentence.

AGUILERA:      I would just like to say forgive me and please give me the least amount of time so that I can be back with my family, hopefully here in the United States, so that I can --I'm doing this for my family and my children.

Thank you.

The claimed error is that the district court prohibited Aguilera-DeLeon from describing his aggravated assault conviction, calling it "the one incident that had the most pernicious effect on his sentence." The government argues that the district court was not seeking to stop Aguilera-DeLeon from discussing the facts of the prior incident but was just clarifying the proper purpose of allocution. The government's characterization may not be frivolous, but it is not the most obvious interpretation. We conclude that Aguilera-DeLeon would have understood that he was being told not to talk about that prior offense. That was

error.   Aguilera-DeLeon was to be given the opportunity to present *any* information to mitigate the sentence.  Fed. R. Crim. P. 32(i)(4)(A)(ii).

We are to presume that the error affected substantial rights unless the defendant was sentenced at the bottom of the Guidelines range.  *United States v. Avila-Cortez*, 582 F.3d 602, 604 (5th Cir. 2009).  Because Aguilera-DeLeon was sentenced at the top of the range, his substantial rights were affected.  *Id.*

The final inquiry is whether the error affects the fairness, integrity, or public reputation of judicial proceedings before we exercise discretion to correct the error.  *Id.* at 604-05.  The district court initially allowed Aguilera-DeLeon an opportunity to speak but then interrupted and specifically disallowed testimony relating to his underlying assault conviction.  Although there was some evidence in the record as to the unusual nature of Aguilera-DeLeon's aggravated assault offense and that his wife had forgiven him, he was not allowed to explain to the court in his own words these facts and others he believed could have produced a sentence at the lower end of the Guidelines.

The rules of procedure grant the right to offer any information, yet in this case the court instructed the defendant not to discuss the central point he wished to address.  We conclude that this kind of interference with the right of allocution is a matter affecting the public reputation of the court.

Aguilera-DeLeon's right to allocution was sufficiently limited to require that he be resentenced after being given a full opportunity to allocute.

II.    *Presentence Report*

The presentence report listed factors that might warrant a sentence outside the advisory Guidelines range.  It stated that Aguilera-DeLeon was considered an aggravated felon for deportation purposes due to his aggravated

No. 10-10788

assault conviction. *See* 8 U.S.C. § 1101(a)(43). Aguilera-DeLeon contended that characterization was erroneous because an aggravated felony for deportation purposes requires a sentence to a term of imprisonment for at least one year. *See id.* He received a term of deferred adjudication probation and served no prison time. Consequently, the presentence report was in error.

Aguilera-DeLeon concedes that this error had no effect on the Guidelines range, but asserts that it affected the sentencing recommendation. He argues that a downward departure is permitted under the Guidelines where the applicable offense level substantially overstates the seriousness of a prior conviction. *See* U.S. Sentencing Guidelines Manual § 2L1.2(b) cmt. n.7 (2010). He maintains that the error "might also hurt" him later because the presentence report could be used in a future immigration case and impact subsequent determinations by this court.

The record does not provide a clear indication as to the extent this error impacted the district court's sentencing decision. The district court overruled the objection and stated that it was not going to impose an upward variance and therefore the issue was moot. Because there will be a resentencing, the presentence report should be amended to remove the erroneous characterization to avoid a future issue for appeal.

Aguilera-DeLeon's sentence is VACATED, and the case is REMANDED for resentencing.