# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-40825
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 10, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HERIBERTO ZAMORA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-254-2

Before REAVLEY, JONES, and PRADO, Circuit Judges

PER CURIAM:[*]

Heriberto Zamora pleaded guilty to conspiracy to possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). He was sentenced within the Guidelines to 120 months of imprisonment and a four-year term of supervised release.

For the first time, Zamora argues that the district court failed to provide him with an opportunity to allocate prior to imposing sentence as required

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40825

under Federal Rule of Criminal Procedure 32(i)(4)(A)(ii).  He acknowledges that he was asked by the district court whether he had anything to say in mitigation of his sentence, but he argues that it was too late because the district court had already determined and pronounced the sentence.  Because Zamora did not object to the error at sentencing, our review is for plain error. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 361 (5th Cir. 2009); *United States v. Reyna,* 358 F.3d 344, 350-51 (5th Cir. 2004) (en banc) (revocation case).

The district court asked Zamora, "Do you have anything you'd like to say or present to the Court about your case or in mitigation of your sentence?" Although the question was not posed until after the district court had already announced a sentence, the district court corrected itself, which it was allowed to do, gave Zamora the opportunity to allocute, and then pronounced the same sentence that it had announced before Zamora's allocution and noted its reasons for doing so.  Thus, Zamora's claim that he was denied the right to allocute is without merit.  *See United States v. Delgado*, 256 F.3d 264, 279 (5th Cir. 2001).

The judgment of the district court is AFFIRMED.