# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31245
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

HAZEL M. MCGARY, also known as Hazel M. Alexander, also known as Hazel M. Kimble,

Defendant–Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CR-73-1

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Hazel M. McGary pleaded guilty pursuant to a plea agreement to obstructing the due administration of the tax laws (Count One), aiding and assisting in the presentation of a false tax return (Count Two), and aggravated identity theft (Count Three), in violation of 26 U.S.C. §§ 7212(a), 7206(2), and 18 U.S.C. § 1028A(a)(1), (c)(5).  The district court sentenced McGary to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consecutive terms of imprisonment on Counts 1, 2, and 3, for a total of 87 months of imprisonment. The district court also imposed consecutive one-year terms of supervised release for Counts 1 and 2 and a concurrent one-year term of supervised release for Count 3, for a total of two years supervised release.

McGary's sole challenge on appeal is that the district court imposed an illegal sentence in excess of the statutory maximum by ordering consecutive terms of supervised release, contrary to 18 U.S.C. § 3624(e), and she moves this court for summary disposition. The Government agrees that the sentence imposed was in violation of law and that the appeal waiver does not bar this appeal. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006).

We review McGary's challenge de novo. *See United States v. Thomas*, 600 F.3d 387, 388 (5th Cir. 2010) (per curiam). Section 3624(e) requires that a prisoner's "supervised release term must run concurrently to any other supervision to which he is subject." *United States v. Hernandez-Guevara*, 162 F.3d 863, 877 (5th Cir. 1998). This is true even in the case of mandatory consecutive terms of imprisonment. *Id*.; *see also* U.S.S.G. § 5G1.2, cmt. n.2(C). Thus, the district court erred by imposing consecutive terms of supervised release for Counts 1 and 2.

For the foregoing reasons, McGary's motion for summary disposition is GRANTED, and her alternative motion for an extension of time to file a brief is DENIED as unnecessary. We VACATE the judgment of sentence in part and REMAND to the district court with instructions to correct the judgment to reflect that the terms of supervised release imposed for Counts 1, 2, and 3 shall run concurrently with each other.