# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30620

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

QUINCY DEMOND HOOVER, also known as Q.,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:14-CR-145-1

Before CLEMENT, PRADO, and OWEN, Circuit Judges.

PER CURIAM:*

Appellant Quincy Demond Hoover ("Hoover") appeals his sentence. For the following reasons, we AFFIRM.

## I.

During a multi-year investigation of illegal drug activity in northwestern Louisiana, agents at the Drug Enforcement Administration intercepted several electronic communications linking Hoover to a wide-spread drug-ring

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30620

funneling illicit substances into the state from Houston, Texas. Acting on this information, police arrested Hoover during a routine traffic stop. A search of his vehicle revealed a small amount of marijuana, seven active cellphones, a drug ledger, and a hidden compartment capable of holding approximately ten, one-kilogram packages. About one month later, police searched Hoover's home, including a truck parked outside, and confiscated two loaded handguns, seven pounds of marijuana, 2,500 grams of hydrocodone and Xanax, and $20,000 in cash. That same day, police arrested five other co-conspirators and seized $496,000, including $16,000 stored in Hoover's personal bank account.

Hoover was indicted on six counts in a massive multi-defendant prosecution involving a cocaine distribution conspiracy. He pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) ("the conspiracy count") and possession of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) ("the firearm count"). The remaining charges were dismissed.

The district court ordered a presentence investigation report ("report"). All parties agree that the report contained erroneously calculated advisory-Guidelines ranges and misstated the statutory minimums for supervised release for both counts. The report noted that Hoover's total offense level was 29 and that he had a criminal history category of III. This yielded a Guidelines range of 108 to 135 months incarceration for the conspiracy count. Hoover objected to this calculation. At the sentencing hearing, the district court sustained his objection and lowered the total offense level to 27 and the Guidelines range to 87 to 108 months. The report also erroneously stated that the relevant statutes imposed mandatory periods of supervised release of four years to life for the conspiracy count and five years to life for the firearm count.

No. 15-30620

The correct Guidelines were four to five years and two to five years, respectively. Hoover did not object to these misstatements.

Before imposing sentence, the district court asked Hoover's attorney whether his "client wish[ed] to engage in allocution." The attorney declined, affirmatively stating that "[w]e'll waive allocution." The district court did not address Hoover directly. Nor did Hoover or his attorney make an on-the-record argument about the appropriate sentence. The district court sentenced Hoover to consecutive prison terms of 108 months for the conspiracy count and 60 months for the firearm count followed by two five-year terms of supervised release to run concurrently.

## II.

"If a litigant believes that an error has occurred (to his detriment) during a federal judicial proceeding, he must object in order to preserve the issue." *Puckett v. United States*, 556 U.S. 129, 134 (2009). "If he fails to do so in a timely manner, his claim for relief from the error is forfeited." *Id.* In federal criminal cases, an appellate court's authority to remedy such forfeited claims is limited to situations where the district court committed "[a] plain error that affects substantial rights." Fed. R. Crim. P. 52(b).

The Supreme Court has established a four-prong approach to "plain-error review." *United States v. Olano,* 507 U.S. 725, 735-37 (1993). "First, there must be an error or defect—some sort of [d]eviation from a legal rule—that has not been intentionally relinquished or abandoned, *i.e.*, affirmatively waived, by the appellant." *Puckett,* 556 U.S. at 135 (internal quotation marks omitted). Second, the error "must be clear or obvious, rather than subject to reasonable dispute." *Id.* Third, the appellant must demonstrate that the error "affected the outcome of the district court proceedings." *Olano*, 507 U.S. at 734. If—and only if—the first three prongs are satisfied, the court of appeals has the *discretion* to remedy the error. This discretion should only be exercised if the

No. 15-30620

error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 736 (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)). Satisfying all four prongs is difficult, "as it should be." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 n.9 (2004).

## III.

Hoover now challenges his sentence, arguing that the district court plainly erred by (1) miscalculating the drug quantity and base offense level; (2) failing to provide Hoover with an opportunity to personally allocute at his sentencing hearing; (3) calculating an incorrect statutory range for supervised release for both counts; and (4) imposing a portion of its sentencing determination prior to the issuance of the report. Each argument will be addressed in turn.

First, Hoover's challenges to the drug quantity and base offense level determined by the district court are substantially the same arguments that he raised in the district court before he expressly agreed with the district court's resolution of his arguments. These arguments are thus waived and unreviewable. *United States v. Musquiz*, 45 F.3d 927, 931 (5th Cir. 1995) ("Waived errors are entirely unreviewable, unlike forfeited errors, which are reviewable for plain error.").

Second, Hoover argues that the district court violated his right of allocution by asking his attorney whether Hoover wished to allocute rather than addressing Hoover personally. *Cf.* Fed. R. Crim. P. 32(i)(4)(A)(ii). The government concedes that this was plain error, but argues that Hoover has failed to demonstrate that this error "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Olano*, 507 U.S. at 736. We agree. We have previously held that the "denial of the right of allocution is not a fundamental defect that inherently results in a complete miscarriage of justice nor an omission inconsistent with the rudimentary demands of fair

4

procedure." *United States v. Magwood*, 445 F.3d 826, 830 (5th Cir. 2006) (quoting *United States v. Reyna*, 358 F.3d 344, 356 (5th Cir. 2004) (en banc)) (internal quotation marks omitted). To prevail on the fourth prong of the plain-error analysis, Hoover must "show some objective basis that would have moved the trial court to grant a lower sentence; otherwise, it can hardly be said that a miscarriage of justice has occurred." *Id.* (quoting *Reyna*, 358 F.3d at 356 (Jones, J., concurring)). He has failed to do so.

When the district court selected a 108-month sentence, it expressed concern that Hoover "apparently was a traveling pharmacy" and found that "the gun offense in connection with" his cocaine conspiracy offense "puts him into a different category of criminal." Hoover does not identify anything he would have said to allay these concerns. *See Magwood*, 445 F.3d at 830. Accordingly, it would be inappropriate for us to exercise discretion and reverse.

Third, Hoover challenges the erroneous calculation of his statutory and Guidelines ranges of supervised release. Again, we apply the plain error standard because Hoover did not object when the district court adopted the errors in the report. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1342–43 (2016) ("The Guidelines are complex, and so there will be instances when a district court's sentencing of a defendant within the framework of an incorrect Guidelines range goes unnoticed. In that circumstance, because the defendant failed to object to the miscalculation, appellate review of the error is governed by Federal Rule of Criminal Procedure 52(b).") Hoover fails to even address, and thus fails to satisfy, the fourth prong of the plain-error standard. *See Puckett*, 556 U.S. at 135; *United States v. Andaverde-Tiñoco*, 741 F.3d 509, 523 (5th Cir. 2013). We cannot conclude that the erroneous calculation constitutes a "complete miscarriage of justice." *Magwood*, 445 F.3d at 830.

Finally, Hoover contends that the district court erred by announcing at the plea agreement hearing, "before the [report] was submitted," that it would

No. 15-30620

impose a five-year term of supervised release for the firearm count. We disagree. A review of the transcript reveals that the district court made no such ruling but was simply trying to explain to Hoover that, unlike his sentences of imprisonment, his terms of supervised release would run concurrently. *See* 18 U.S.C. § 924(c); 21 U.S.C. § 841(b)(1)(B); *United States v. McGary*, 600 F. App'x 277, 278 (5th Cir. 2015) (reversing district court's imposition of *consecutive* terms of supervised release). We see no error, plain or otherwise. *See Puckett*, 556 U.S. at 135.

## IV.

For the forgoing reasons, Hoover's sentence is AFFIRMED.